11-1645-cv
ZBD Constructors, Inc. v. Billings Generation, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of July, two thousand twelve,

Present:  PIERRE N. LEVAL,
          ROSEMARY S. POOLER,
          REENA RAGGI,
                    *Circuit Judges.*

_____

ZBD CONSTRUCTORS, INC., FKA ZURN BALCKE-DURR,
INC.,

                    *Plaintiff-Counter-Defendant-Appellant*,

            -v-                                    11-1645-cv

BILLINGS GENERATION, INC., YELLOWSTONE ENERGY
LIMITED PARTNERSHIP,

                    *Defendants-Counter-Claimants-Appellees*.

_____

Appearing for Appellant:       Jaime Austrich (Duane A. Daiker & Jason P. Stearns, *on the brief*),
                               Shumaker, Loop & Kendrick, LLP, Tampa, Fla.

Appearing for Appellee
(Yellowstone Energy
Limited Partnership):          Mel P. Barkan (Jasmine K. Le Veaux, *on the brief*), Windels Marx
                               Lane & Mittendorf, LLP, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

ZBD Constructors, Inc. ("ZBD"), appeals from the district court's grant of summary judgment in favor of Yellowstone Energy Limited Partnership ("Yellowstone"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"A district court's grant of a summary judgment motion is subject to de novo review." *Horvath v. Westport Library Ass'n*, 362 F.3d 147, 151 (2d Cir. 2004). Federal Rule of Civil Procedure 56 states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We conclude that the relevant portions of the contract at issue in this appeal are unambiguous and thus summary judgment was properly granted in Yellowstone's favor. Section 4.11 of the contract makes clear that ZBD is not permitted to "participate in any suit, action, case or proceeding with respect to" any claim it might have against Yellowstone for unpaid principal and interest, unless ZBD first obtains "written consent" as required by the contract.

Section 4.08 of the contract merely states that a junior creditor such as ZBD still has a right to collect on any unpaid balance that may be due, and can seek to vindicate its right in court, so long as it complies with the relevant provisions of the agreement. ("Nothing contained herein shall . . . prevent the Holder of any Junior Claim from exercising all rights, powers and remedies otherwise permitted by applicable law . . . , *all subject to the rights of the Holders of the Senior Claims as set forth in these subordination provisions*." (emphasis added)).

ZBD does not claim that it obtained the written consent required under the contract prior to filing its complaint in district court. Nor does ZBD provide a persuasive reason to excuse compliance with the no-action provision. Accordingly, the explicit terms of the contract unambiguously bar ZBD from seeking even a declaratory injunction—an "action" within the plain meaning of the contract—related to its loan to Yellowstone.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2